UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-CV-14257-DMM

**JOHN S. HAILE,**

    Petitioner,

v.

**RICKY DIXON**,
as Secretary, Florida Department of Corrections

    Respondent.
_____/

**REPORT AND RECOMMENDATION DENYING
PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)**

John S. Haile, a prisoner in the custody of the Florida Department of Corrections, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner is challenging the constitutionality of his conviction and sentence entered following a jury trial in the Tenth Judicial Circuit of Florida, Case No. 282012CF000472-A0XX-XX.

The Petition, as clarified by a Memorandum of Law, states two claims for relief. First, trial counsel was constitutionally ineffective because he failed to tell the State that Mr. Haile wanted to accept a plea offer. Second, Mr. Haile's guilty plea was not a voluntary plea because he was mentally incompetent at the time of the plea. ECF No. 8.

I have reviewed Mr. Haile's § 2254 Petition (ECF No. 1), the Memorandum of Law in support of the Petition (ECF No. 8), the State's Response (ECF No. 15) along with its supporting appendix and state court transcripts (ECF No. 20), and Mr.

Haile's Reply (ECF No. 18). This matter is ripe for decision. It is RECOMMENDED that the Petition be DENIED.

## I. Facts

Because Mr. Haile's claims relate only to events surrounding his guilty plea, I do not address the facts of the underlying case. It is sufficient to note that the State charged, and Mr. Haile admitted, that he misappropriated money that came into his possession as personal representative for Nancy Lee Haberkamp and as trustee of the Nancy Haberkamp Trust. It is undisputed that the State offered a plea offer of four years imprisonment followed by eight years of probation. That offer was not accepted. Mr. Haile ultimately pled no contest to two counts without a plea agreement.

## II. Procedural History

Mr. Haile pled no contest on June 30, 2014, to one count of grand theft and one count of money laundering. ECF No. 20-2 at 262–334. He was sentenced to concurrent 15-year sentences. ECF No. 20-2 at 236.

Mr. Haile timely appealed to the Second District Court of Appeal ("Second DCA"). His appellate counsel filed an *Anders* brief on February 27, 2015. ECF No. 20-7. On March 2, 2015, the appellate court invited Mr. Haile to file his own brief within 30 days "calling to the court's attention any matters (s)he feels should be considered in connection with this appeal." ECF No. 20-8. Mr. Haile did not file a brief with the Second DCA. Instead, more than 30 days later, on October 20, 2015, he filed a motion for writ of mandamus with the Florida Supreme Court. ECF No.

20-10. On December 10, 2015, the petition was transferred to the Second DCA to be considered along with the pending direct appeal. ECF No. 20-12.

On April 20, 2016, the Second DCA affirmed the judgment, without a written opinion. Mr. Haile moved for rehearing, ECF Nos. 20-13, 20-14, which was denied on June 21, 2016. ECF No. 20-16. On July 8, 2016, he filed a motion for a written opinion, which was also denied. ECF Nos. 20-17, 20-18. The mandate issued on August 26, 2016. ECF No. 20-19.

On October 4, 2016, Mr. Haile filed a *pro se* "Motion/Notice to Invoke Jurisdiction in the Florida Supreme Court and for Emergency Furloughs". ECF No. 20-20. The Supreme Court treated this filing as a petition for a writ of mandamus. ECF No. 20-21. Mr. Haile was ordered to file "a proper petition for writ of Mandamus that complies with Florida Rule of Appellate Procedure 9.100." *Id*. No conforming petition was ever filed; the matter was dismissed on January 13, 2017, without any adjudication on the merits. *Id*.

On or about April 13, 2017, Mr. Haile filed a verified *pro se* petition for writ of habeas corpus under Florida Rule of Criminal Procedure 3.850. ECF No. 20-27 at 18-24. The sole issue raised in the petition was whether Mr. Haile was deprived of his sixth amendment right to effective counsel because trial counsel failed to timely tell Mr. Haile that the State had offered a plea to a four-year sentence. *Id*. The trial court appointed counsel to represent Mr. Haile. It held an evidentiary hearing on January 11, 2019.

While the § 3.850 petition was pending in the trial court, on March 30, 2018, Mr. Haile filed a *pro se* petition for writ of habeas corpus in the Second DCA alleging ineffective assistance of appellate counsel. ECF No. 20-24. That petition was summarily denied on June 25, 2018. ECF No. 20-26.

On January 15, 2019, the trial court entered a written order denying relief. ECF No. 20-27 at 66. As relevant here, the trial court made a factual finding that "the plea offer of four years Florida State Prison followed by eight years of probation was, in fact, conveyed to Defendant." *Id.* at 68. Based on this finding, the trial court concluded, "[T]herefore, counsel cannot be said to be ineffective in this regard." *Id.*

The trial court also noted, "During argument at the evidentiary hearing, counsel for Defendant raised (for the first time) two additional claims. First, Defendant eludes [sic] a claim that if the plea offer was conveyed, Defendant did not understand it. Further, Defendant claims the plea offer was conveyed to Defendant, but counsel was ineffective for not advising the State it was accepted before it was revoked." *Id.* The Court rejected these additional claims on three grounds: (1) they did not comply with the oath and certification requirements of Rule 3.850, (2) they were inconsistent with Mr. Haile's sworn testimony at the evidentiary hearing that the plea offer was never communicated to him, and (3) they were untimely. *Id.* at 68–69.

Mr. Haile appealed this ruling to the Second DCA. ECF No. 20-25. The appellate brief raised two issues: (1) trial counsel was ineffective for not conveying the plea offer and (2) the trial court should have considered the merits of the three

4

newly-raised grounds for relief. ECF No. 20-29. On January 10, 2020, the Second DCA affirmed the trial court without a written opinion. ECF No. 20-32. The mandate issued February 11, 2020. ECF No. 20-33.

Mr. Haile timely filed this § 2254 petition on July 22, 2020.[1]

### III.  Discussion

1. *Standards of Review*

A state prisoner seeking federal habeas relief must first exhaust available state remedies. Mr. Haile concedes that he did not exhaust his two claims before filing his § 2254 Petition.[2]

A federal court may entertain an unexhausted ineffective assistance of trial counsel claim on *habeas* review only if the petitioner proves there was ineffective

---

[1] The State's Response calculates that the §2254 petition was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). ECF No. 15 at 24–25. But, the State says, "However, if Respondent's calculations are incorrect this Court may still dismiss the Petition [as untimely]." *Id.* at 25. Because I find that the Petition should be denied on the merits, I do not *sua sponte* revisit the timeliness issue. *See Day v. McDonough,* 547 U.S. 198, 209 ("district courts are permitted, but not obligated, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition.").

[2] Mr. Haile did exhaust a claim that his trial counsel was constitutionally ineffective for not advising him about the plea offer. He has abandoned that claim, now. Regardless, he would not be entitled to relief under § 2254 on this claim. The trial court made a factual finding that trial counsel communicated the plea offer to Mr. Haile. Mr. Haile has not shown clear and convincing evidence that the factual finding was wrong. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (Federal court must presume the correctness of the state court's factual findings unless the § 2254 petitioner overcomes them by clear and convincing evidence.).

5

assistance of post-conviction counsel at the initial state *habeas* proceeding. *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Whether there was ineffective assistance at the initial post-conviction proceeding is measured under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id*. at 690. To excuse the petitioner's failure to exhaust a claim, the "underlying ineffective-assistance-of-trial-counsel claim [must be] a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez,* 566 U.S. at 14. In sum, "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

As to the first *Strickland* prong, the "standard for counsel's performance is objectively 'reasonableness under prevailing professional norms.'" *Chandler v. United States,* 218 F.3d 1305, 1313. (11th Cir. 2000) (citing *Strickland,* 466 U.S. at 668). A petitioner must prove by a preponderance of the evidence that counsel's performance was objectively unreasonable. *Chandler,* 218 F.3d at 1313, 1315. The judiciary's scrutiny of counsel's performance is highly deferential. *Id*. at 1314. There is a strong presumption that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (citing *Darden v. Wainwright,* 477 U.S. 168 (1986)).

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.*

Where a state court has found a *habeas* claim procedurally barred on adequate and independent state grounds, federal post-conviction review is precluded unless the petitioner can show cause for the default and actual prejudice. *E.g., Ward v. Hall,* 592 F.3d 1144, 1156–57 (11th Cir. 2010). Procedural default can also be excused in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *E.g., Murray v. Carrier,* 477 U.S. 478, 485 (1986). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.; Crawford v. Head,* 311 F.3d 1288, 1327–28 (11th Cir. 2002).

A federal court may also grant post-conviction relief on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray,* 477 U.S. at 495–96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

2. *Claim One: Failure to Accept Plea Offer as Instructed*

Mr. Haile argues that post-conviction counsel was ineffective because he did not amend the *pro se* Rule 3.850 petition to argue that the plea offer had been conveyed to Mr. Haile and (presumably) to assert, as Mr. Haile does here, that Mr. Haile told trial counsel to accept the plea, but trial counsel did not follow that instruction. The primary problem with this argument is that it directly conflicts with facts in the *pro se* petition that Mr. Haile swore were true. In the face of this sworn statement, it was within the sound judgment of post-conviction counsel not to pursue a factually inconsistent theory. Moreover, given that Mr. Haile testified under oath at the hearing that the offer was never communicated to him, it is a reasonable inference that he told his counsel the same thing. *See Chandler,* 218 F.3d at 1318–19 (counsel's conduct depends "critically" on information conveyed by the client). Here, too, it would have been within the sound judgment of post-conviction counsel to pursue a theory that was consistent with his client's intended testimony. No cause has been shown to excuse the failure to exhaust this claim.

Mr. Haile also has not shown that he was prejudiced by the fact that post-conviction counsel did not amend the Rule 3.850 petition to argue that trial counsel failed to tell the State that the plea offer was accepted. The trial court considered this argument on the merits and rejected it as inconsistent with Mr. Haile's sworn testimony.

Independently, this claim should be denied because it was procedurally defaulted in state court. The state court held that Mr. Haile's argument that trial

8

counsel failed to notify the State that Mr. Haile wanted to accept the plea offer was procedurally barred as untimely. The sole alleged cause for this procedural default was that post-conviction counsel was ineffective for not amending the *pro se* Rule 3.850 petition. For the reasons discussed above, Mr. Haile cannot meet his burden of showing that post-conviction counsel was constitutionally ineffective for not amending the petition. Hence, he cannot demonstrate cause for the procedural default. Similarly, he cannot demonstrate prejudice given that the state court considered and rejected the argument on the merits. For this independent reason, his first claim should be denied.[3]

3. *Claim Two: Lack of Mental Competency*

Mr. Haile also has not met his burden to justify excusing his failure to exhaust the argument that he was incompetent to proceed with a change of plea. The totality of his argument on this point is, "In fact, the importance of plea bargaining is so critical to the criminal justice system that counsel's failure to adequately represent him during this process has incredible merit. Further, the fact that the Petitioner suffered from mental health issues, that were known by all parties, and were not properly considered makes this issue even more meritorious." ECF No. 8 at 16.

Mr. Haile does not explain what his post-conviction counsel failed to do. Mr. Haile had been evaluated, and found to be competent, approximately two months before the plea. At the plea colloquy, the trial court specifically inquired about Mr.

---

[3] Mr. Haile does not argue that he is actually innocent of the underlying charges.

Haile's mental health, then made a finding that Mr. Haile was competent. ECF No. 20-3 at 31 ("I do not have any concerns about his competency, understanding the history of mental health and the fact that he is taking medication to address some of that."). The trial court based this finding, in part, on his personal observations of Mr. Haile during the plea colloquy. *Id.* In light of this finding, it would have been within the sound discretion of post-conviction counsel not to argue that Mr. Haile was incompetent at the time of the plea.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. § 2254.

Based on this record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). For the reasons stated

above, the Court finds that Petitioner's claims are without merit and he cannot satisfy the *Slack* test.

Having considered the petition, the record, and being fully advised, it is hereby **RECOMMENDED** that:

1. The Petition [ECF No. 1] be **DENIED**.
2. No certificate of appealability shall issue.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of April 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE